UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | |
|---|---|
| DIXIE LEE VASKE and KENNETH N. VASKE, | ) ) ) |
| *Plaintiffs*, | ) ) |
| v. | ) Case No. 1:05-cv-158 ) ) Judge Mattice |
| KMART CORPORATION and JANE DOE, | ) ) ) |
| *Defendants*. | ) |

## **ORDER**

In its Memorandum and Order of May 31, 2006 the Court ordered Plaintiffs to identify Defendant Jane Doe within twenty days of entry of the Memorandum and Order. (*See* Court Doc. No. 20, Mem. and Order of May 31, 2006.) Plaintiffs have failed to do so.

Federal Rule of Civil Procedure 41(b) provides for involuntary dismissal for failure to prosecute or failure to comply with an order of the court. In evaluating dismissal under Rule 41(b), the Sixth Circuit looks to, *inter alia*, "whether the party's failure is due to willfulness, bad faith, or fault . . . [and] whether the dismissed party was warned that failure to cooperate could lead to dismissal . . . ." *United States v. Reyes*, 307 F.3d 451, 458 (6th Cir. 2002).

Both of the above-quoted factors favor dismissal. First, Plaintiffs fail to meet their burden to show that their failure to comply with the Court's Memorandum and Order was due to inability instead of willfulness or fault. *See id.* Indeed, Plaintiffs have not even responded to the Court's Memorandum and Order. Second, Plaintiffs were warned that failure to timely identify Defendant Jane Doe could result in dismissal for failure to prosecute. (*See* Mem. and Order of May 31, 2006 9.)

Accordingly, the above-captioned action is hereby **DISMISSED WITHOUT PREJUDICE** pursuant to Federal Rule of Civil Procedure 41(b).

SO ORDERED this 21st day of June, 2006.

                                              *s/ Harry S. Mattice, Jr.*
                                              HARRY S. MATTICE, JR.
                                          UNITED STATES DISTRICT JUDGE